UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| REBECCA CHAPLIN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>         v.<br><br>ASCENSION HEALTH d/b/a ASCENSION SAINT MARY,<br><br>                    Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Rebecca Chaplin ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant Ascension Health d/b/a Ascension Saint Mary ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action on behalf of all current and former employees of Defendant in the state of Illinois for violations of the Illinois Legislature Genetic Information Privacy Act, 410 ILCS 513, et seq. ("GIPA").

2. GIPA bars employers from directly or indirectly requesting or using genetic information in hiring, firing, demoting, or in determining work assignment or classifications of applicants or employees.

1

3. GIPA defines "genetic information" to include not just the results of an individual's genetic tests, but also information regarding "[t]he manifestation of a disease or disorder in family members of such individual[.]" 410 ILCS 513/10; see 45 C.F.R. § 160.103.

4. Defendant is violating GIPA by asking its employees in Illinois to provide genetic information in the form of family medical history to assist the company in making employment decisions.

5. Defendant does this intentionally and willfully as part of its hiring protocol as a means of determining who to hire.

6. Accordingly, Plaintiff seeks, on behalf of herself and all other similarly situated employees of Defendant in Illinois, an order: (i) requiring Defendant to cease the unlawful activities discussed herein; and (ii) awarding actual and/or statutory damages to Plaintiff and the members of the proposed Class.

## PARTIES

7. Plaintiff Rebecca Chaplin is and was at all times relevant herein, an individual citizen of the State of Illinois, currently residing in Bradley, Illinois.

8. In or around January 2023, Plaintiff applied for the position of Patient Care Technician Emergency Department at Ascension Saint Mary hospital location in Kankakee, Illinois.

9. On or around January 27, 2023, Plaintiff was required to submit to a pre-employment physical as a requirement of the hiring process. The physical was conducted at Ascension Saint Mary in Kankakee, Illinois by an employee of Defendant named Brenda Dearth (the "medical provider"). Plaintiff was required to complete paperwork during the physical in which she was asked about her family's medical history. The medical provider also verbally requested Plaintiff to disclose her medical history, including whether medical conditions with

2

genetic predispositions manifested in her parents, including cardiac health, cancer, and diabetes, among other ailments.

10. At the request of the medical provider, Plaintiff disclosed genetic information, including specific diseases her parents had, as well as genetic information regarding her children. Plaintiff would not have volunteered her genetic information if the medical provider had not asked her to do so.

11. Defendant requested genetic information from Plaintiff. The diseases Defendant asked about—including but not limited to, heart disease, kidney disease, diabetes, and certain cancers—are genetic in that the manifestation of the disease in an individual's family member increases that individual's risk of said disease.

12. On February 7, 2023, Plaintiff received an email from a Shabriel Rivers, an employee of Defendant. The email notified Plaintiff that she had completed her onboarding tasks, which included the health assessment, and could officially start on February 20, 2023.

13. Plaintiff's hiring was conditioned upon successful completion of the physical and health assessment, which required her providing her genetic information to Defendant.

14. Plaintiff was hired by Defendant as a Patient Care Technician in the Emergency Department after completing all required steps in the hiring process.

15. Defendant Ascension Health is incorporated under the laws of Missouri with its principle place of business located in St. Louis, Missouri.

16. Defendant operates one of the largest private healthcare systems in the United States, with over 2,000 health care sites nationwide, including 140 hospitals.

## JURISDICTION AND VENUE

17. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action wherein the amount of controversy exceeds the sum or value of $5

million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one Class Member, is a citizen of a state different from Defendant.

18. This Court has personal jurisdiction over Defendant because Defendant is headquartered in Missouri and incorporated in Missouri, rendering it at home in the state of Missouri.  The maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

19. Venue is proper in this forum pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is headquartered in this District.

## CLASS ALLEGATIONS

20. Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

21. Pursuant to 735 ILCS 5/2-801, Plaintiff seeks to represent a Class defined as all individuals in Illinois, from the date within five years prior to the filing of this action, (1) who applied for employment with Defendant or were employed by Defendant in the state of Illinois.

22. Excluded from the Class are Defendant's officers and directors, Plaintiff's counsel, and any member of the judiciary presiding over this action.

23. Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the Class may be expanded or narrowed by amendment or amended complaint.

24. **Numerosity.**  Defendant operates 150 sites, including 14 hospitals, within the state of Illinois. It is believed Defendant has over 1,000 employees within the state of Illinois, and further that many or all of those individuals will fall within the proposed Class.  It is further believed that there are at least 100 individuals that meet the class definition. Therefore, it is clear that individual joinder in this case is impracticable. Proposed Class members can easily be

identified through Defendant's employment records.

25. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all Members of the Class and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Defendant or an agent acting on behalf of Defendant, solicited, requested, captured or collected family medical history of existing, former, or prospective employees;

(b) Whether Defendant, or an agent acting on behalf of Defendant, obtained genetic information from Plaintiff and the Class by asking for family medical history;

(c) Whether Defendant's solicitation, request, collection, or use of genetic information constituted a violation of GIPA;

(d) Whether Plaintiff and Class Members are entitled to damages.

26. **Typicality.** Plaintiff's claims are typical of the claims of the other Members of the Class. All Class Members were comparably injured by Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

27. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Members of the Class. Plaintiff has retained counsel that is highly experienced in complex privacy class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

28. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered

by individual Class Members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for Class Members to obtain effective redress on an individual basis for the wrongs committed against them. Even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. It would also increase the delay and expense to all parties and the court system from the issues raised by this action. The class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## COUNT I
### Violation Of Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/25
### (On Behalf Of The Class)

29. Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

30. Defendant is a corporation that directly or indirectly employ individuals within the State of Illinois and therefore meets the definition of an "employer" under 410 ILCS 513/10.

31. Family medical history includes the "manifestation or possible manifestation of a disease or disorder in a family member of [an] individual" and is incorporated into the definition of "genetic information" under 410 ILCS 513/10 and 45 C.F.R. § 160.103.

32. Plaintiff was individually asked to provide, and did provide, her family medical history as a condition of employment during the application and hiring process to work for Defendant.

33. Defendant, or an agent acting on its behalf, solicited, requested, or required Plaintiff and class members to disclose family medical history as a condition of employment during the application and hiring process to work for Defendant.

34. Defendant directly solicited or requested Plaintiff to disclose her family medical history in the form of medical conditions with a genetic predisposition which had manifested in her parents, including cardiac health, cancer, and diabetes, during a pre-employment physical as a condition of employment during the application and hiring process to work for Defendant.

35. Defendant failed to direct Plaintiff, either verbally or in writing, not to provide genetic information when requested to provide her family medical history.

36. Plaintiff and the proposed Class members were aggrieved by Defendant's violation of their statutorily protected rights to privacy in their genetic information, as set forth in GIPA, when Defendant directly or indirectly solicited or requested them to disclose their genetic information as a condition of ongoing employment or a condition of a pre-employment application.

37. By indirectly or directly soliciting or requesting Plaintiff and the proposed Class members to provide their genetic information as described herein, Defendant violated Plaintiff's and the proposed Class members' rights to privacy in their genetic information as set forth in GIPA.

38. Because Defendant knew, or reasonably should have known, that soliciting or requesting family medical history from an employee in Illinois violated GIPA, their actions in violating GIPA were willful.

39.     On behalf of herself and the proposed Class members, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the proposed Class by requiring Defendant to comply with GIPA as described herein; (3) statutory damages of $15,000 or actual damages, whichever is greater, for each intentional and/or reckless violation of GIPA pursuant to 410 ILCS 513/40(2) or, in the alternative, statutory damages of $2,500 or actual damages, whichever is greater, for each negligent violation of GIPA pursuant to 410 ILCS 513/40(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, seeks judgment against Defendant as follows:

a. Certifying the nationwide Class, under 735 ILCS 5/2-801 and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class Members;

b. Declaring that Defendant's conduct violates the statutes referenced herein;

c. Finding in favor of Plaintiff and the Class against Defendant on all counts asserted herein;

d. Awarding statutory damages, declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them all the money they are required to pay;

e. Awarding Plaintiff and Class members their costs and expenses incurred in the action, including reasonable attorneys' fees;

f. Ordering Defendant to pay pre-judgment interest on all amounts awarded;

    g.  Providing such further relief as may be just and proper.

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff demands a trial by jury on all claims so triable.

Dated: December 6, 2023                Respectfully submitted,

                                          **BURSOR & FISHER, P.A.**

                                          By:     */s/ Yitzchak Kopel*
                                                      Yitzchak Kopel

                                          Yitzchak Kopel
                                          Alec M. Leslie
                                          1330 Avenue of the Americas
                                          New York, NY 10019
                                          Tel: (646) 837-7150
                                          Fax: (212) 989-9163
                                          Email: ykopel@bursor.com
                                                              aleslie@bursor.com

                                          *Attorneys for Plaintiff and the Putative Class*