**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| REBECCA CHAPLIN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ASCENSION HEALTH d/b/a ASCENSION SAINT MARY,<br><br>        Defendant. | Case No. 4:23-cv-01558-CDP |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Ascension Health ("Defendant" or "Ascension"), through undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

## INTRODUCTION

Plaintiff Rebecca Chaplin's ("Plaintiff") Class Action Complaint ("Complaint" or "Compl.," Doc. # 1) should be dismissed because even taking all well-pleaded factual allegations as true, Plaintiff does not state a viable claim under the Illinois Genetic Information Privacy Act, 410 ILCS 513, *et seq*. ("GIPA"). Plaintiff brings this putative class action lawsuit alleging that Ascension violated GIPA, when it purportedly solicited her family medical history during a pre-employment physical examination. Plaintiff's claims, and those of the class she seeks to represent, are fatally flawed and should be dismissed for several reasons pursuant to Rule 12(b)(6). *First*, Plaintiff fails to state a GIPA claim because she does not plausibly allege that Ascension solicited her *genetic information* as that term is defined by GIPA or that such

1

information was requested or solicited as a *condition of* employment or preemployment application. *Second*, Plaintiff's GIPA claim also fails because she does not allege that her purported "genetic information" was used as a "means of discrimination." *Third,* Plaintiff's claim for statutory damages based on purported reckless and/or intentional conduct should be dismissed or stricken because Plaintiff fails to allege any facts remotely suggesting that Ascension acted with an utter indifference or conscious disregard for others, let alone with an intent to violate GIPA. Instead, Plaintiff merely parrots GIPA's statutory language, with a conclusory statement that Ascension acted "intentionally and willfully" and purporting to seek statutory damages of $15,000 for each "intentional and/or reckless violation of GIPA." Courts in similar contexts routinely reject such threadbare and conclusory allegations regarding purported intentional or reckless conduct. *Finally*, Plaintiff lacks standing to seek injunctive or declaratory relief.

Accordingly, and for the reasons discussed below, this Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

## **FACTUAL BACKGROUND**

Plaintiff alleges that in January 2023 she applied for a Patient Care Technician position in the Emergency Department at Ascension Saint Mary hospital located in Kankakee, Illinois. (Compl. ¶ 8.) According to Plaintiff, on or around January 27, 2023, Ascension solicited her family medical history as a condition of employment. (*Id*. ¶¶ 9, 32.) Plaintiff contends that, on that date, she "was required to submit to a preemployment physical as a requirement of the hiring process." (*Id*. ¶ 9.) Plaintiff maintains that during the physical she was required to complete paperwork that "asked about her family's medical history." (*Id*.) Plaintiff also maintains that, during the physical, "[t]he medical provider. . .verbally requested Plaintiff to disclose her medical history, including whether medical conditions with genetic predispositions

2

manifested in her parents, including cardiac health, cancer, and diabetes, among other ailments." (*Id.*) As a result, Plaintiff contends that she "disclosed genetic information, including specific diseases her parents had, as well as genetic information regarding her children," which she "would not have volunteered. . .if the medical provider had not asked her to do so." (*Id.* ¶ 10.) Plaintiff asserts that Ascension "failed to direct [her], either verbally or in writing, not to provide genetic information when requested to provide her family medical history." (*Id.* ¶ 35.) Plaintiff concludes that because Ascension "knew, or reasonably should have known, that soliciting or requesting family medical history from an employee in Illinois violated GIPA, their *[sic]* actions in violating GIPA were willful." (*Id.* ¶ 38.) Finally, Plaintiff alleges that after completing all the steps in the hiring process, including a physical and health assessment, Ascension hired her as a Patient Care Technician in the Emergency Department at Ascension Saint Mary, i.e. the position for which she applied.[1]  (*Id.* ¶¶ 8, 13-14.)

On December 6, 2023, Plaintiff filed a single-count Class Action Complaint against Ascension in the Eastern District of Missouri; asserting that Ascension violated Section 25 of GIPA by "directly or indirectly" soliciting or requesting her to disclose her genetic information as condition of employment. (*Id.* ¶¶ 36-37.) Plaintiff also alleges that Ascension violated the same section of GIPA with respect to the putative class members, which Plaintiff defines to include "all individuals in Illinois, from the date within five years prior to the filing of this action, (1) who applied for employment with Defendant or were employed by Defendant in the state of Illinois." (*Id.* ¶¶ 21, 33, 36-37.) Plaintiff seeks "statutory damages of $15,000" for each alleged "intentional and/or reckless violation of GIPA pursuant to 410 ILCS 513/40(2)" or,

---

[1] Ascension never employed Plaintiff.  Plaintiff was employed by Presence Central and Suburban Hospitals Network d/b/a Saint Mary Hospital - Kankakee.  Thus, Ascension is not the proper defendant in this lawsuit.

3

alternatively, "statutory damages of $2,500" for each alleged "negligent violation of GIPA pursuant to 410 ILCS 513/40(1)," among other things. (*Id*. ¶¶ 39, Prayer for Relief.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). If a plaintiff does not satisfy Rule 8(a), the opposing party may file a motion to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[T]o survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (internal quotations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678.) The factual allegations in the complaint must raise the possibility of relief above the "speculative level." *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly,* 550 U.S. at 555). Although, the court accepts as true all factual allegations, it "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick*, 944 F.3d at 717. Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Similarly, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *McDonough,* 799 F.3d at 946 (quoting *Iqbal,* 556 U.S. at 678).

4

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). To invoke subject matter jurisdiction, a plaintiff must have Article III standing. *See Disability Support All. v. Heartwood Enterprises, LLC*, 885 F.3d 543, 545 (8th Cir. 2018). The plaintiff has the burden of proving that the court has subject matter jurisdiction. *V S Ltd. P'ship v. HUD*, 235 F.3d 1109, 1112 (8th Cir. 2000). "At the pleading stage, plaintiffs must clearly allege facts demonstrating the elements of standing." *Alleruzzo v. SuperValu, Inc. (In re SuperValu, Inc., Customer Data Sec. Breach Litig.)*, 870 F.3d 763, 768 (8th Cir. 2017) (cleaned up).

## ARGUMENT

### I.   PLAINTIFF FAILS TO ALLEGE A GIPA CLAIM

Plaintiff fails to state a GIPA claim because she does not plausibly allege that Ascension solicited her *genetic information* as that term is defined by GIPA or that such information was requested or solicited as a *condition of* employment or preemployment application. Thus, Plaintiff's Complaint should be dismissed.

Under Section 25(c)(1) of GIPA, an employer may not "*solicit, request, require* or purchase genetic testing or ***genetic information*** of a person or a family member of the person, or administer a genetic test to a person or a family member of the person ***as a condition of employment, preemployment application***, labor organization membership, or licensure." 410 ILCS 513/25(c)(1) (emphasis added). Under GIPA, "genetic information" means information about (1) an employee's genetic tests; (2) "the genetic tests of family members of such [employees]"; and (3) "the manifestation of a disease or disorder in family members of such [employees]." 410 ILCS 513/25; *see also* 45 C.F.R. § 160.103.[2]  As discussed in detail below, Plaintiff fails to allege the necessary elements of a GIPA claim.

---

[2] In 2008, GIPA was amended to align with the federal enactment of the Genetic Information Nondiscrimination Act in 2008, 122 Stat. 881 ("GINA"). Among other things, Section 25 of GIPA now provides that covered entities "shall

### A. Plaintiff Fails to Allege That the "Family Medical History" Ascension Purportedly Requested Constitutes "Genetic Information."

Plaintiff fails to allege facts that would permit the court to draw the reasonable inference that Ascension requested or otherwise acquired *genetic information* covered by GIPA.

First, Plaintiff repeatedly contends that Ascension solicited her "family medical history" and that she, in turn, disclosed "specific diseases her parents had" and "information" regarding her children, all of which she baldly labels as "genetic information." (Compl. ¶¶ 4, 9-10, 32-33, 35-36, 38.) Yet, Plaintiff's mere conclusory statements equating family medical history or medical conditions to "genetic information" are insufficient to state a claim. In *Green v. Whataburger Restaurants, LLC*, No. 5:17-CV-243-DAE, 2018 U.S. Dist. LEXIS 207693 (W.D. Tex. Oct. 9, 2018), for example, the plaintiff alleged that her employer discriminated against her in violation of GINA based on her "family medical history/genetic information," including "the family medical history of her daughter." *Id*. at *2, 6. In dismissing the plaintiff's GINA claim, the court found that the plaintiff failed to allege enough facts to indicate that the defendant had "acquired the type of genetic information implicated by GINA." *Id*. at *7-8. Thus, the Court determined that it was unable to draw the reasonable inference that the defendant had discriminated and retaliated against the plaintiff "because of genetic information." *Id*. at *8-9.

The *Bell v. PSS World Medical, Inc.*, No. 3:12-cv-381-J-99MMH-JRK, 2012 U.S. Dist. LEXIS 183288 (M.D. Fla. Dec. 7, 2012) case is also instructive.  There, the plaintiff alleged her employer violated GINA by, *inter alia,* disclosing her "confidential information" and "confidential medical conditions." *Id*. at *3, 8. In its motion to dismiss, the defendant argued,

---

treat genetic testing and genetic information in such a manner that is consistent with the requirements of federal law, including … [GINA] . . . ." GIPA, 513/25(a). Accordingly, and given the lack of decisions interpreting GIPA, analysis here appropriately relies on authorities discussing GIPA's federal counterpart, GINA.  *See Bridges v. Blackstone, Inc.*, 66 F.4th 687, 688 (7th Cir. 2023).

among other things, that the "plaintiff's minimal factual allegations related to her GINA claim [were] insufficient because not all confidential medical information is genetic information protected by GINA." *Id.* at *6. The court agreed, holding that the plaintiff "failed to properly allege a valid claim under GINA" because she "failed to provide any basis, factual or otherwise, for the Court to reasonably infer that her hyperthyroidism, the 'confidential information,' or the 'confidential medical conditions' equate to genetic testing and/or genetic information." *Id.* at *8. At a minimum *Green* and *Bell* demonstrate that Plaintiff must allege facts demonstrating that the information at issue is genetic information. *See also e.g.*, *Franks v. City of Austin*, No. 1-19-CV-0040-LY, 2020 U.S. Dist. LEXIS 110981, at *5-7 (W.D. Tex. June 24, 2020) (dismissing GINA claim where the plaintiff "fail[ed] to allege that the complained of examination involved genetic information, as opposed to ordinary medical information" and thus, failed to articulate a claim arising under GINA); *Graves v. Brookfield Suites Hotel & Convention Ctr.*, No. 11-CV-01060, 2012 U.S. Dist. LEXIS 127979, at *2 (E.D. Wis. Sep. 8, 2012) (dismissing GINA claim because the complaint did not describe "any genetic information about [the plaintiff] that was disclosed to [the] defendant"); *Dumas v. Hurley Med. Ctr.*, 837 F. Supp. 2d 655, 666 (E.D. Mich. 2011) (dismissing GINA claim where the plaintiff failed to sufficiently plead the use or misuse of "genetic information").

Here, Plaintiff concludes that Ascension "required [her] to complete paperwork during the physical…which. . .asked about her family medical history," that Ascension solicited, requested, or required her and the putative class members to disclose family medical history, and that she allegedly disclosed "specific diseases her parents had" and "information" regarding her children. (Compl. ¶¶ 4, 9-10, 32-33, 35-36, 38.) Yet, like the plaintiffs in *Green* and *Bell*, Plaintiff fails to allege any plausible factual support that would allow this Court to reasonably

7

infer that the so-called "family medical history" purportedly sought in the paperwork or the conditions of her parents and children constitutes genetic information to establish a GIPA claim.

Second, Plaintiff's assertion that Ascension verbally asked her to disclose medical conditions that "manifested in her parents," including "cardiac health, cancer, and diabetes, among other ailments," and her conclusion that such diseases are "genetic," is insufficient to establish that Ascension solicited her "genetic information" within the meaning of GIPA. (Compl. ¶¶ 9-10.)  As an initial matter, as with Plaintiff's other allegations, her assertion that the diseases identified are genetic in nature is conclusory and merely parrots GIPA's language, which is insufficient to state a claim. *Hill v. U.S. Bank Home Mortg*., No. 8:22CV299, 2022 U.S. Dist. LEXIS 185761, at *10-11 (D. Neb. Oct. 11, 2022) ("merely parrot[ing] the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims," does not satisfy Rule 8).  Such threadbare conclusions fail to allow this Court to reasonably infer that the conditions identified by Plaintiff are genetic in nature.

However, even if the Court could make that inference, Plaintiff still fails to allege that Ascension solicited *genetic information* because she does not allege that Ascension sought her family history to assess the likelihood of disease in Plaintiff. "[E]vidence of a family member's disease diagnosis is only considered 'genetic information' if used to determine the likelihood of disease in another individual." *Allen v. Verizon Wireless*, No. 3:12-cv-482 (JCH), 2013 U.S. Dist. LEXIS 80228, at *73 (D. Conn. June 6, 2013). There, the court explained that evidence of a family member's disease diagnosis is "not considered 'genetic information' if it is taken into account only with respect to the individual in which such disease or disorder occurs and not as genetic information with respect to any other individual.'" *Id*. at *73-74.

8

Here, Plaintiffs alleges that Ascension asked her about the manifestation in her parents of "cardiac health, cancer, and diabetes, among other ailments." (Compl. ¶ 9.) However, Plaintiff fails to allege that Ascension asked about her family medical history to assess the likelihood of disease in Plaintiff or that Ascension made adverse decisions against Plaintiff —that it was "taken into account" as to Plaintiff—because Ascension believed her family history meant it was more likely that Plaintiff would have the same conditions. Threadbare allegations that Ascension verbally asked about the manifestation of cardiac health, cancer, and diabetes in Plaintiff's family members does not alone provide notice that if true would show that the information obtained was in fact "genetic information."  Because Plaintiff fails to allege that Ascension solicited "genetic information" she cannot state a GIPA claim and her Complaint should be dismissed.

**B. Plaintiff Fails to Allege that the Alleged Genetic Information Was Solicited as a Condition of Employment.**

Even if Plaintiff had adequately alleged that Ascension solicited her genetic information (which she did not), Plaintiff's GIPA claim should still be dismissed because Plaintiff fails to allege, other than in a conclusory fashion, that her obtaining employment at Ascension was contingent on her providing family medical history information.

As set forth above, an employer only violates GIPA if it solicits or requests genetic information "as a condition of employment" or "preemployment application." 410 ILCS 513/25(c)(1). A "condition" is defined as "a premise upon which the fulfillment of an agreement depends" and "something essential to the appearance or occurrence of something else."[3]  In the employment context, court's routinely use the term "condition of employment" to mean something an employee must do or fulfill to obtain or continue employment. *See e.g.*, *Hicks v. Lindsey Mgmt. Co.*, No. 3:18-cv-00133 KGB, 2020 U.S. Dist. LEXIS 127973, at *14-15 (E.D.

---

[3] Merriam-Webster dictionary: https://www.merriam-webster.com/dictionary/condition (visited January 29, 2024).

9

Ark. Apr. 23, 2020) (finding that "the undisputed record evidence is that defendants required employees. . .to live onsite as a condition of employment. . . Employees who chose to move offsite were required to terminate their employment. . . plaintiffs were aware of the requirement to live onsite as a condition of employment at the time they were offered employment and agreed to the condition when they accepted the job offer. . ."); *Erdelt v. United States*, 715 F. Supp. 278, 281 (D.N.D. 1989) (finding that plaintiff was required to accept the lodging (residency) as a condition of employment); *Penn v. Ryan's Family Steak Houses, Inc.*, 269 F.3d 753, 758 (7th Cir. 2001) (noting that it has become common for employers to require employees to sign arbitration agreements as a condition of employment).

Here, outside of threadbare conclusions that merely parrot GIPA, Plaintiff does not allege any facts demonstrating that she was actually *required* to provide family history information to Ascension to secure employment.  At most, Plaintiff alleges that she participated in a pre-employment physical examination during which she was asked about family medical history. There are no facts supporting that such request was made as a condition of employment. Without factual support, this Court cannot reasonably infer that Plaintiff's employment was conditioned on her providing family medical history. As such, Plaintiff fails to allege an essential element of Section 25(c)(1) of GIPA, and her Complaint should be dismissed.

## II. PLAINTIFF DOES NOT ALLEGE THAT "GENETIC INFORMATION" WAS USED AS A "MEANS OF DISCRIMINATION"

Plaintiff's GIPA claim also fails because she does not allege that "genetic information" was used as a "means of discrimination."

The fundamental right under GIPA is to not have genetic testing or genetic information used as a means of discrimination in employment. *See, e.g.,* 410 ILCS 513/5(2) ("many members of the public are deterred from seeking genetic testing because of fear that test results will be

10

disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner"); 410 ILCS 513/5(3) ("The public health will be served by facilitating voluntary and confidential nondiscriminatory use of genetic testing information."); *Bridges v. Blackstone Grp, Inc.,* No. 21-CV-1091-DWD, 2022 WL 2643968, at *1 (S.D. Ill. July 8, 2022), *aff'd sub nom. Bridges v. Blackston, Inc.,* 66 F. 4th 687 (7th Cir. 2023) ("GIPA was designed to prevent employers and insurers from using genetic testing data as a means of discrimination for employment or underwriting purposes."). This is consistent with § 25(a) of GIPA, which requires that employers treat genetic testing and genetic information "in such a manner that is consistent with the requirements of federal law, including but not limited to [GINA]. 410 ILCS 513/25(a). To that end, cases interpreting GINA—those setting out the elements of a claim, which includes allegations that the plaintiff "was discharged or deprived of employment opportunities"—are instructive, because they are consistent with the purpose shared by both statutes. *See, e.g., Allen*, 2013 U.S. Dist. LEXIS 80228, at *74-75.

Plaintiff here simply does not and cannot allege—on behalf of herself or the putative class—that her "genetic information" was used by Ascension as a means of discrimination in employment. While Plaintiff alleges that she was asked about her family medical history during a pre-employment physical (Compl. ¶ 9), Plaintiff acknowledges that she was hired by and worked for Ascension. (*Id*. ¶ 14.)  Plaintiff does not and cannot allege that any information she claims to have been required to provide was "used in a discriminatory manner." 410 ILCS 513/5(2). In short, Plaintiff applied for a job, attended a pre-employment physical where she claims certain questions were asked, and was offered and accepted the job. There is no way for the Court to reasonably infer that Ascension used any purported genetic information in a discriminatory manner.

Accordingly, Plaintiff's GIPA claim should be dismissed pursuant to Rule 12(b)(6).

11

### III. PLAINTIFF HAS NOT ADEQUATELY ALLEGED THAT ASCENSION VIOLATED GIPA INTENTIONALLY OR RECKLESSLY

In addition to the above defects, Plaintiff fails to plead facts showing that Ascension's purported GIPA violations were reckless or intentional. Accordingly, Plaintiff's claim for statutory damages should be dismissed or stricken.

Under GIPA, a private right of action requires a plaintiff to show that a defendant acted either negligently or recklessly/intentionally in order for the plaintiff to prevail. 410 ILCS § 513/40 (emphasis added) ("A prevailing party may recover for each violation: (1) Against any party who *negligently* violates a provision . . . (2) Against any party who *intentionally or recklessly* violates a provision"). GIPA does not define "intentionally" or "recklessly." However, Illinois Courts define "intentional conduct" as "conduct performed with a 'desire to cause consequences or at least a substantially certain belief that consequences will result.'" *Rogers v. CSX Intermodal Terminals, Inc.*, 409 F. Supp. 3d 612, 618 (N.D. Ill. 2019) (quoting *Ziarko v. Soo Line R.R.*, 161 Ill. 2d 267, 272 (Ill. 1994)). Further, "[r]ecklessness denotes a course of action which shows an utter indifference to or a conscious disregard." *Resolution Tr. Corp. v. Franz*, 909 F. Supp. 1128, 1141 (N.D. Ill. 1995) (quoting *Ziarko*, 161 Ill. 2d at 279). To satisfy Rule 8, Plaintiff must allege "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Rogers*, 409 F. Supp. 3d at 618; *Simonian v. Meadwestvaco Corp.*, 812 F. Supp. 2d 925, 928-29 (N.D. Ill. 2011). Decisions analyzing pleadings in the Illinois Biometric Information Privacy Act 740 ILCS 14/1 *et seq.* ("BIPA") context are instructive to this narrow issue. Like GIPA, BIPA also provides for statutory penalties for negligent violations, and heightened penalties for reckless or intentional violations. 740 ILCS 14/20.

In *Rogers*, the court dismissed a plaintiff's BIPA claim of intentional and reckless conduct where the plaintiff merely alleged, without support, that defendant's violations of BIPA were

12

"knowing and willful." 409 F. Supp. 3d at 619. The court reasoned that plaintiff's "conclusory statement of [the defendant's] intent [was] insufficient to allow [the court] to infer that [the defendant] acted intentionally or recklessly and does nothing to distinguish this case from every possibly BIPA case where the defendant is alleged to have failed to meet the strictures of Section 15." *Id*. *The Kukovec v. Estée Lauder Co.*, No. 22 CV 1988, 2022 U.S. Dist. LEXIS 202212 (N.D. Ill. Nov. 7, 2022) decision is also instructive. *Kukovec* analyzed whether the plaintiff adequately alleged recklessness or intentional conduct to obtain heightened statutory damages under BIPA. There, the court held:

> I agree with defendant that plaintiff hasn't adequately alleged recklessness or intent. States of mind can be alleged generally, Fed. R. Civ. P. 9(b), but "a plaintiff still must point to details sufficient to render [the] claim plausible." The complaint lacks those details. Plaintiff doesn't mention defendant's state of mind until the very end of the complaint, where she requests statutory damages. And no other facts in the complaint point to recklessness or intent—e.g., knowledge of BIPA's requirements or statements about purposefully not complying with the law.

*Kukovec*, 2022 U.S. Dist. LEXIS 202212, at *20-21. (citation omitted). Consistent with *Kukovec* and *Rogers*, Plaintiff here fails to allege anything more than rote parroting—that Ascension "knew, or reasonably should have known" that its purported actions violated GIPA (Compl. ¶ 38) —and fails to allege any facts that demonstrate Ascension's "knowledge of [the statute]'s requirements or statements about purposefully not complying with the law." *Kukovec*, 2022 WL 16744196, at *8. Moreover, Plaintiff does not allege any facts remotely suggesting that Defendant acted with "an utter indifference to or conscious disregard" for others, let alone an intent to violate GIPA. To the contrary, Plaintiff simply concludes, without support, that Ascension acted "intentionally and willfully" and purports to seek statutory damages of $15,000 for "each intentional and/or reckless violation of GIPA." (Comp. ¶¶ 5, 38-39, Prayer for Relief.) Courts in the BIPA context routinely find such conclusory allegations to be insufficient for the Court to infer that a defendant acted recklessly or intentionally. *See Rogers*, 409 F. Supp. 3d at 619; *Kukovec v. Estée Lauder Co.*, 2022

13

U.S. Dist. LEXIS 202212, at *21; *Namuwonge v. Kronos*, Inc., 418 F. Supp. 3d 279, 286 (N.D. Ill. 2019) (finding, in the BIPA context, that "abstract statements regarding damages are insufficient for the Court to infer that [defendant] acted recklessly or intentionally;" claims dismissed).

Because Plaintiff's cause of action is based on an unsupported claim for intentional and/or reckless violation of GIPA, Plaintiff's claim should be dismissed. At the very least, the Court should strike and/or dismiss Plaintiff's request for statutory damages.

## IV.  PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF

In her Complaint, Plaintiff also seeks declaratory and injunctive relief. (Compl. ¶ 39, Prayer for Relief.) However, Plaintiff does not allege any facts suggesting that she is "likely to suffer the alleged injury again in the future" or that "further injury is imminent." Thus, Plaintiff lacks Article III standing to seek injunction or declaratory relief and such claims should be dismissed.

"To establish Article III standing, plaintiffs must show (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that a favorable decision will likely redress the injury." *Animal Legal Def. Fund v. Vaught*, 8 F.4th 714, 718 (8th Cir. 2021). "When a plaintiff seeks declaratory or injunctive relief, as is the case here, [s]he cannot rely on 'past injuries alone' to establish standing." *Williams v. Dollar Gen. Corp.*, No. 4:23-cv-00127-SEP, 2023 U.S. Dist. LEXIS 115430, at *5 (E.D. Mo. July 6, 2023) (quoting *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1162 (8th Cir. 2019)). "Because injunctions 'cannot conceivably remedy any past wrong,' a plaintiff must show that further injury is imminent or that [s]he is likely to suffer the alleged injury again in the future in order to obtain injunctive relief." *Id*. at *5-6 (quoting *Iowa Voter All. v. Black Hawk Cty.*, 515 F. Supp. 3d 980, 993 (N.D. Iowa 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998))). *See e.g.*, *Hawkins v. Jam. Hosp. Med. Ctr. Diagnostic & Treatment Ctr. Corp.*, No. 16-CV-4265 (RRM) (CLP), 2018 U.S. Dist. LEXIS 52105, at *7-10 (E.D.N.Y. Mar. 27, 2018) (finding plaintiffs lacked standing to seek injunctive

relief in a GINA case where their claims were based on their former employer asking for genetic information during the application process, because there was no indication that the plaintiffs were likely to be harmed in the future by the alleged conduct, particularly where "there [was] no indication that the plaintiffs intend[ed] to re-apply for their old jobs").

Here, like in *Hawkins*, Plaintiff's GIPA claim rests entirely on an alleged violation that occurred during the application process. And, as in *Hawkins*, Plaintiff's request for injunctive and declaratory relief is, in turn, based solely on that past alleged violation. Like in *Hawkins*, Plaintiff fails to allege any facts remotely suggesting that Ascension will solicit her family history in the future, let alone to allow this Court to reasonably infer that it is "likely" to do so or that such a solicitation is "imminent." Indeed, as in *Hawkins*, there is no indication that Plaintiff intends to re-apply for her position or any suggestion that Ascension solicits information from current employees. Accordingly, Plaintiff lacks standing to seek injunctive and declaratory relief.[4]

## CONCLUSION

For the reasons set forth above, Defendant Ascension Health respectfully requests that the Court dismiss Plaintiff's Class Action Complaint with prejudice and award such other relief that the Court deems appropriate and just.

Dated: February 1, 2024

                                              Respectfully submitted,

                                              */s/ Nadine C. Abrahams*
                                              Nadine C. Abrahams (*pro hac vice*)
                                              Andrew D. Welker (*pro hac vice*)
                                              JACKSON LEWIS P.C.

---

[4] *See e.g.*, *Williams*, 2023 U.S. Dist. LEXIS 115430, at *6 (finding plaintiff lacked standing to seek injunctive relief where "[h]e d[id] not allege that he has returned to, or plans to return to, the Dollar General store, or that he has been or is imminently likely to be denied access to the store because of his disability."); *Brunts v. Hornell Brewing Co.*, No. 4:22CV648 HEA, 2023 U.S. Dist. LEXIS 87931, at *28 (E.D. Mo. May 19, 2023) (collecting cases; noting that "[c]ourts in this district have consistently found a lack of standing to seek injunctive relief where the Complaint contained no allegations that Plaintiff intends to continue purchasing the product or purchase them in the future.").

        150 North Michigan Ave.
        Suite 2500
        Chicago, Illinois 60601
        Tele.: (312) 787-4949
        Fax: (312) 787-4995
        Nadine.Abrahams@jacksonlewis.com
        Andrew.Welker@jacksonlewis.com

        Jessica L. Liss
        JACKSON LEWIS P.C.
        1 N. Brentwood Blvd.
        Suite 1150
        St. Louis, MO 63105
        Tel: (314) 827-3939
        Fax: (314) 827-3940
        Jessica.Liss@jacksonlewis.com

        *Attorneys for Defendant Ascension Health*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of February, 2024, the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss was electronically filed with the Court and that a true and correct copy was electronically served upon the following via the CM/ECF system:

      Yitzchak Kopel
      BURSOR AND FISHER PA
      1330 Avenue of the Americas
      32nd Floor
      New York, NY 10019
      ykopel@bursor.com

      *Attorneys for Plaintiff*

                                                                  */s/     Nadine C. Abrahams*